UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LOUIS JOHN MENGES, III, | ) | No. 05 B 8748 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHRISTINE MENGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 A 1415 |
| | ) | |
| LOUIS JOHN MENGES, III, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court for ruling on the debtor's motion to dismiss the adversary

complaint against him pursuant to Rule 4(m) of the Federal Rules of Civil Procedure based on

the plaintiff's failure to achieve service of process. For the reasons that follow, the motion will

be denied, at least for now, and the time for service will be extended to March 1, 2006.

## 1. Background

Plaintiff Christine Menges ("Christine") is the ex-wife of the debtor-defendant Louis

John Menges, III ("Louis"). On June 10, 2005, she filed an adversary complaint in which she

alleged that certain obligations of Louis under the parties' Marital Settlement Agreement in their

divorce were non-dischargeable under sections 523(a)(5) and (15) of the Bankruptcy Code, 11

U.S.C. §§ 523(a)(5), (15). The obligations included day care and medical expenses for the

parties' minor child.

A summons in the adversary proceeding directed to Louis was issued on June 10, 2005, and was apparently served on him as the Federal Rules of Bankruptcy Procedure provide.[1] The summons, however, was neither directed to, nor served upon, his counsel. Nor has counsel for Louis ever been served with summons in this proceeding. The official docket, of which the court can and will take judicial notice, shows that no alias summons directed to Louis's counsel was subsequently issued although the adversary proceeding has now been pending for seven months.

In late November 2005, Louis moved to dismiss the adversary proceeding based on lack of service. A briefing schedule was set, and Christine filed a response to the motion. In the response, she admits that her certificate of service does not mention service on Louis's counsel. She asserts, however, that counsel for Louis requested a copy of the complaint in a letter dated July 9, 2005, and that a copy of the complaint was mailed as requested. That, Christine argues, constituted service under the rules.

## 2. Discussion

Bankruptcy Rule 7004(a) incorporates certain provisions of Rule 4 of the Federal Rules for service of process in adversary proceedings in bankruptcy cases. Rule 7004, however, also contains service provisions unique to adversary proceedings. One of these is Rule 7004(b), which permits service by first class mail. Fed. R. Bankr. P. 7004(b). Another is Rule 7004(b)(9) which states that in cases where the debtor "is represented by an attorney," service must also be made by "mailing a copy of the summons and complaint . . . to the attorney at the attorney's

---

[1]    Christine is given the benefit of the doubt on this, although the proof of service is mysteriously dated "June 1, 2005" in two places, more than a week before the summons was issued.

post-office address." Fed. R. Bankr. P. 7004(b)(9); *see generally Dreier v. Love (In re Love)*, 232 B.R. 373 377-78 (Bankr. E.D. Tenn. 1999) (discussing service requirements).

The Bankruptcy Rules also limit the time for service. Under Rule 7004(e), service must be made "within 10 days after the summons is issued." Fed. R. Bankr. P. 7004(e). If service is not made in that time, the summons is stale, and another summons must be issued. Under Rule 4(m) of the Federal Rules, meanwhile, a provision that applies in bankruptcy, service of the summons and complaint must be made on a defendant "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m) (made applicable by Fed. R. Bankr. P. 7004(a)). If service is not made in that time, Rule 4(m) says, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time." *Id.*

Despite this seemingly categorical admonition, Rule 4(m) goes on to allow the time for service to be extended if the plaintiff can show "good cause" for the delay. *Id.*; *see also Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). "Good cause" for purposes of the rule means "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). If good cause is shown, the rule makes clear, the time for service *must* be extended. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (noting that court has "no choice" but to extend the time for service where there is good cause for the delay).

And even if no good cause is shown, the Seventh Circuit has repeatedly held that the court in its discretion may nevertheless extend the time for service. *See Coleman*, 290 F.3d at 934; *Troxell*, 160 F.3d at 383; *Panaras*, 94 F.3d at 340-41. The exercise of this residual discretion is warranted, the *Coleman* decision suggests, if the circumstances at least demonstrate

that the failure to achieve service is the result of "excusable neglect." *See Coleman*, 290 F.3d at 934; *cf. Kadlecek v. Ferguson (In re Ferguson)*, 204 B.R. 202, 209-10 (Bankr. N.D. Ill. 1997) (analyzing the question before *Coleman* under the "excusable neglect" standard under Bankruptcy Rule 9006(b)(1)). *Coleman* also suggests that "the balance of hardships" alone may warrant a finding of excusable neglect. *See Coleman*, 290 F.3d at 934.

In this case, Christine plainly did not accomplish service in the manner Rule 7004 requires. Rule 7004(b)(9) "unambiguously provides that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the summons and a copy of the complaint." *Love*, 232 B.R. at 377; *see also Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir. 2000). Here, Louis was served, but his counsel was not. It may be, as Christine contends, that Louis's counsel received copies informally through the mail some time after July 9. But by then, the 10-day life of the summons issued June 10 had long since ended. Service of a stale summons is no service at all. As for counsel's actual knowledge of the adversary proceeding, that is beside the point: a party entitled to service has no obligation to waive it. *Troxell*, 160 F.3d at 383. He can "stand on formalities" and insist on proper service if he likes. *Id.* Christine did not comply with Rule 7004(b)(9), and "[a]nything short of strict compliance . . . is insufficient." *Love*, 232 B.R. at 377.

Nor has Christine shown good cause for the delay in service. Indeed, she does not even claim to have good cause, standing on her plainly erroneous notion of what constitutes proper service under the Bankruptcy Rules. The cause for the delay in service here, though, is unfortunately all too apparent: the failure of Christine's counsel to consult the Bankruptcy Rules in the first place. That sort of cause is obviously not "good." "Failure to read a rule is the

antithesis of good cause. Ignorance may be an explanation but is not an excuse." *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). "[A] lawyer who does not read the rules lacks good cause." *Id.* at 157; *see also Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 783 (N.D. Ill. 1998); *Ferguson*, 204 B.R. at 209-10.

That leaves to the court's residual discretion the question whether the time for service should be extended. Do the circumstances show "excusable neglect" in the "balance of hardships" sense, if no other – warranting an extension? *See Coleman*, 290 F.3d at 934.

They do. First, Louis has shown no prejudice from the delay in service, no harm to his ability to defend the adversary. Second, it appears Louis and his counsel had actual notice of the adversary shortly after it was filed. And third, a dismissal without prejudice (which is all Rule 4(m) authorizes) would have the effect, at least in part, of a dismissal *with* prejudice: because the bankruptcy court has exclusive jurisdiction over a section 523(a)(15) claim, *see* 11 U.S.C. § 523(c), and because Louis has been discharged and the underlying bankruptcy has been closed, Christine will lose her section 523(a)(15) claim altogether if the adversary is dismissed.[2] In this situation, a court has the discretion to extend the time for service. *See Coleman*, 290 F.3d at 934 (noting that "most district judges" would be lenient and permit late service under similar circumstances, though a judge has no obligation to do so).

Because the balance of hardships weighs in favor of Christine here, then, the court in its discretion will grant her one final chance to accomplish service. This time, service had better be "letter perfect." *Ferguson*, 204 B.R. at 210.

---

[2]       Because federal and state courts have concurrent jurisdiction over section 523(a)(5) claims, on the other hand, *see Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 n.15 (9th Cir. 2001), a dismissal would not cause Christine to section 523(a)(5) claim.

### 3. Conclusion

The motion of debtor Louis John Menges, III, to dismiss is denied. Plaintiff Christine Menges should have an alias summons issued immediately and served on both the debtor and his counsel. The time to accomplish service is extended to and including March 1, 2006, and this matter is set for further status hearing on March 13, 2006, at 1:30 p.m. If service has not been accomplished by the new March 1 deadline, the debtor is encouraged to renew his motion to dismiss.

A separate order will be entered in accordance with this opinion.

Dated:  January 27, 2006

A. Benjamin Goldgar
United States Bankruptcy Judge